UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. SYKES, #968572,

                Petitioner,

      v.                                CASE NO. 2:19-CV-12870
                                       HON. GEORGE CARAM STEEH

SHERMAN CAMPBELL,[1]

                Respondent.
_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    Introduction

Michigan prisoner Michael D. Sykes ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in custody in violation of his constitutional rights. The petitioner was convicted of two counts of kidnapping, Mich. Comp. Laws § 750.349, five counts of first-degree criminal sexual conduct ("CSC-I"),

---

[1]The petitioner is currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, where Sherman Campbell is the warden. Accordingly, the Court amends the caption to reflect that the correct respondent in this case is now Sherman Campbell, who has custody of Petitioner. See 28 U.S.C. § 2243; 28 U.S.C. foll. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(2).

Mich. Comp. Laws § 750.520b, and two counts of unarmed robbery, Mich.

Comp. Laws § 750.529, following a jury trial in the Wayne County Circuit

Court.  He was sentenced to concurrent terms of 19 to 38 years

imprisonment on the kidnapping convictions, 36 to 72 years imprisonment

on the CSC-I convictions, and 8 to 15 years imprisonment on the unarmed

robbery convictions in 2016.

In his pleadings, the petitioner raises claims concerning the

admission of other acts evidence, the use of handcuffs and shackles at

trial, the trial court's denial of a counsel withdrawal motion, the legality of

his arrest (and the failure to suppress tainted evidence) and the

effectiveness of trial counsel as to that issue, the trial court's denial of a

motion to quash, and the conduct of the prosecutor as to the alleged use of

perjured testimony and the effectiveness of trial counsel as to that issue.

For the reasons stated herein, the court denies the habeas petition.  The

court also denies a certificate of appealability and denies leave to proceed

in forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from his kidnapping, sexual assault,

and robbery of two teenage sisters in Detroit, Michigan in 2008.  The

Michigan Court of Appeals described the underlying facts, which are

presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); <u>Wagner v.</u>

<u>Smith</u>, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant was convicted of kidnapping, robbing, and sexually
> assaulting SL and KS on August 24, 2008. Defendant
> assaulted the teenage sisters while they were walking home
> from a gas station. He directed them to a nearby alley,
> instructed them to disrobe, and then sexually assaulted them.
> Defendant also went through the victims' purses and took a
> necklace from SL. DNA evidence collected during an
> examination of SL was later found to match defendant's DNA
> profile. The trial court allowed the prosecutor to introduce
> other-acts evidence that in April 2009, defendant kidnapped
> friends CC and DB, sexually assaulted one them, and stole
> their personal property. On the first day of trial, the trial court
> denied defendant's motion to remove his shackles during trial,
> and also denied defense counsel's motion to withdraw.

<u>People v. Sykes</u>, No. 335384, 2017 WL 6028504, *1 (Mich. Ct. App. Dec.

5, 2017) (unpublished).

Following his convictions and sentencing, the petitioner filed an

appeal of right with the Michigan Court of Appeals essentially raising the

same claims presented on habeas review.  The court remanded the case

to the trial court for a hearing to explain why the petitioner was handcuffed

and shackled at trial.  ECF No. 7-18, PageID.1056.  On September 7,

2017, the trial court conducted the required hearing.  ECF No. 7-17.  The

Michigan Court of Appeals subsequently denied relief on the petitioner's

claims and affirmed his convictions.  Sykes, 2017 WL 6028504 at *1-6.

The petitioner then filed an application for leave to appeal with the

Michigan Supreme Court, which was denied, People v. Sykes, 502 Mich.

903, 913 N.W.2d 301 (2018), as was his request for reconsideration.

People v. Sykes, 503 Mich. 890, 919 N.W.2d 44 (2018).

The petitioner thereafter filed his federal habeas petition.  He raises

the following claims:

I.      He was denied his due process right to a fair trial where
        the trial court admitted other acts evidence contrary to
        Mich. R. Evid. 404(b) where there was no proper purpose
        offered, no logical relevance, and the evidence was more
        prejudicial than probative.

II.     He was denied his state and federal constitutional right to
        due process because he was required to appear for trial
        in handcuffs and leg shackles.

III.    His conviction should be reversed because the trial judge
        failed to inquire adequately into the breakdown in the
        relationship and abused her discretion in refusing to allow
        him to obtain new counsel where counsel reported a
        breakdown in the attorney client relationship and asked to
        withdraw.

IV.     He was denied his due process right to a fair trial where
        the court admitted search warrant/affidavit DNA buccal
        swab/laboratory report and identification evidence that is
        the fruit of an unlawful detention and the trial court
        abused its discretion by refusing to suppress and/or
        provide an evidentiary hearing on the matter, and defense
        counsel was ineffective for failing to conduct an adequate

investigation when the arrest was unconstitutional.

V.      He was denied his right to due process because the trial
        court refused to quash the search warrant and affidavit
        when the search warrant and affidavit lacked probable
        cause and were supported by false information made
        knowingly or intentionally or with reckless disregard for
        the truth and the trial court clearly abused its discretion
        when denying his motion.

VI.     He is entitled to a new trial because he was denied his
        state and federal due process rights when his convictions
        were obtained through the use of false and/or perjured
        testimony by the victims and police and the prosecutor
        presented inconsistent theories to deceive the court, and
        defense counsel failed to object to prosecutorial
        misconduct.

ECF No. 1, PageID.4-9.  The respondent filed an answer to the petition

contending that it should be denied for lack of merit.  ECF No. 6.  The

petitioner filed reply to that answer.  ECF No. 8.

## III.    Standard of Review

Federal law imposes the following standard of review for habeas

cases:

An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not
be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of
the claim –

(1)     resulted in a decision that was contrary to, or
        involved an unreasonable application of, clearly

established Federal law, as determined by the
Supreme Court of the United States; or

(2)    resulted in a decision that was based on an
unreasonable determination of the facts in light of
the evidence presented in the State court
proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state

court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

decision" of the Supreme Court. Id. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.; see also White v. Woodall, 572 U.S. 415, 419-20 (2014). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision reasonable. Woods v. Etherton, 576 U.S. 113, 118 (2016); Woods v. Donald, 575 U.S. 312, 316 (2015).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72. Section 2254(d) "does not require a

state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.

The requirements of clearly established law are determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this

presumption only with clear and convincing evidence.  <u>Warren v. Smith</u>, 161 F.3d 358, 360-61 (6th Cir. 1998).  Habeas review is "limited to the record that was before the state court."  <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011).

## IV.   Analysis

### A.   Other Acts Evidence Claim

The petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting the other acts evidence involving an April, 2009 incident in which the petitioner kidnapped two girls and sexually assaulted and robbed them.  The respondent contends that this claim is not cognizable and lacks merit, and that any error was harmless.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); <u>Serra v. Michigan Dep't of Corr.</u>, 4 F.3d 1348, 1354 (6th Cir. 1993).  "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as

to deprive the petitioner of due process under the Fourteenth Amendment."

McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (quoting McGuire, 502

U.S. at 69-70); see also Wynne v. Renico, 606 F.3d 867, 871 (6th Cir.

2010) (citing Bey v. Bagley, 500 F.3d 514, 519-20 (6th Cir. 2007)); Bugh v.

Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).

The petitioner raised this claim on direct appeal and the Michigan

Court of Appeals denied relief.  The court ruled that the other acts

evidence was relevant and properly admitted as evidence of a common

scheme, plan, or system under Michigan Court Rule 404(b), that its

admission was not unfairly prejudicial under Michigan Court Rule 403 and

any prejudice was mitigated by the jury instruction on the proper

consideration of such evidence, and that if there was an error, such error

was harmless due to the evidence of guilt presented at trial, namely

victims' identifications of the petitioner and the DNA evidence linking him to

the assaults.  Sykes, 2017 WL 6028504 at *2.

The state court's decision is neither contrary to Supreme Court

precedent nor an unreasonable application of federal law or the facts.

First, the petitioner is not entitled to relief based upon a perceived violation

of state law.  The Michigan Court of Appeals ruled that the evidence was

-11-

properly admitted under Michigan law.  State courts are the final arbiters of

state law and federal courts will not intervene in such matters.  <u>Lewis v.</u>

<u>Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Oviedo v. Jago</u>, 809 F.2d 326, 328 (6th

Cir. 1987); <u>see also</u> <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) ("a state

court's interpretation of state law, including one announced on direct

appeal of the challenged conviction, binds a federal court sitting on habeas

review"); <u>Sanford v. Yukins</u>, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas

relief does not lie for perceived errors of state law.  <u>Estelle</u>, 502 U.S. at

67-68.

Second, the petitioner fails to establish that the admission of the

evidence violated due process or rendered his trial fundamentally unfair.

As to the admission of other acts evidence, the Supreme Court has

declined to hold that similar "other acts" evidence is so extremely unfair

that its admission violates fundamental conceptions of justice.  <u>Dowling v.</u>

<u>United States</u>, 493 U.S. 342, 352–53 (1990).  Thus, "[t]here is no clearly

established Supreme Court precedent which holds that a state violates due

process by permitting propensity evidence in the form of other bad acts

evidence." <u>Bugh</u>, 329 F.3d at 512.  Consequently, there is no Supreme

Court precedent that the state court decision can be deemed "contrary to"

under 28 U.S.C. § 2254(d)(1).  Id. at 513; Adams v. Smith, 280 F. Supp. 2d

704, 716 (E.D. Mich. 2003).  The petitioner fails to state a claim upon

which habeas relief may be granted as to such an issue.

Additionally, even if the petitioner states a viable habeas claim, he

fails to show that the admission of the evidence rendered his trial

fundamentally unfair.  The evidence of the 2009 crimes was relevant as

evidence of his common plan or scheme of forcing two girls into an isolated

area, sexually assaulting them, and robbing them.  Furthermore, the risk of

unfair prejudice was mitigated by the fact that the trial court instructed the

jury on the proper consideration of the evidence.  Jurors are presumed to

follow the court's instructions.  See Penry v. Johnson, 532 U.S. 782, 799

(2001) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)); United

States v. Powell, 469 U.S. 57, 66 (1984) ("Jurors ... take an oath to follow

the law as charged, and they are expected to follow it.").  The petitioner

fails to show that the admission of the evidence was erroneous or, more

importantly for purposes of habeas review, that it rendered his trial

fundamentally unfair.

Lastly, even if the trial court erred in admitting the evidence, the error

was harmless.  On habeas review, an error is harmless unless it had a

"'substantial and injurious effect or influence in determining the jury's verdict.'"  Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)); see also Fry v. Pliler, 551 U.S. 112, 117-18 (2007) (confirming that the Brecht standard applies in "virtually all" habeas cases); Ruelas v. Wolfenbarger, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that Brecht is "always the test" in the Sixth Circuit).  That test is more rigorous than the one applied on direct review.  See Chapman v. California, 386 U.S. 18, 24 (1967) (holding that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt").  Furthermore, a state court's harmlessness decision is itself entitled to deference.  Davis v. Ayala, 576 U.S. 257, 269 (2015).  A habeas court may not grant relief unless the state court's "'harmlessness determination itself was unreasonable.'"  Id. (citations omitted).  The application of that principle is satisfied by adhering to Brecht because where "the state court adjudicated [the petitioner's] claim on the merits, the Brecht test subsumes the limitations imposed by AEDPA."  Id. at 270.  In such cases, "a federal habeas court need not 'formal[ly]' apply both Brecht and 'AEDPA/Chapman.'"  Id. at 268.

Having reviewed the record, the court agrees that the victims'

identifications and the DNA evidence linking the petitioner to the crime

provided significant evidence of his guilt such that any error in admitting

the other acts evidence was harmless and did not affect the outcome at

trial.  More importantly, for purposes of federal habeas review, the

Michigan Court of Appeals' decision to that effect was reasonable.  Habeas

relief is not warranted on this claim.

### B.    Handcuffs and Shackles Claim

The petitioner next asserts that he is entitled to habeas relief

because he was required to wear visible handcuffs and leg shackles at

trial.  The respondent contends that this claim lacks merit.

The United States Supreme Court has recognized that due process

precludes the use of visible physical restraints upon a defendant "absent a

trial court determination, in the exercise of its discretion, that they are

justified by a state interest specific to a particular trial."  Deck v. Missouri,

544 U.S. 622, 629 (2005) (citing Holbrook v. Flynn, 475 U.S. 560, 568-69

(1986); Illinois v. Allen, 397 U.S. 337, 343-44 (1970)).  The Supreme Court

expressed concern that visible restraints may undermine the presumption

of innocence, may interfere with the defendant's ability to communicate

with counsel and participate in his or her defense, and may impair the dignity of the judicial proceedings. Id. at 630-31. Restraints may be used at the trial court's discretion to prevent escape, for security in the courtroom, and to maintain order during trial. Deck, 544 U.S. at 628; Kennedy v. Cardwell, 487 F.2d 101, 105-07 (6th Cir. 1973). When a court, "without adequate justification, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation. The State must prove 'beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained.'" Deck, 544 U.S. at 635 (citing Chapman v. California, 386 U.S. 18, 24 (1967)).

The petitioner raised this claim on direct appeal and the Michigan Court of Appeals denied relief. The court determined that the trial court's reasons for the restraints, particularly the petitioner's altercation with a courtroom deputy and attempted escape at a prior trial, justified their use at his current trial due to a "serious" security risk. The court also noted that the trial court instructed the jurors that they could not infer the petitioner's guilt due to the use of restraints and the trial court did not inform the jurors of the reason for the restraints. Sykes, 2017 WL 6028504 at *3.

-16-

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The use of the restraints was necessary for security and safety reasons due to the petitioner's prior assaultive courtroom conduct and attempted escape. See, e.g., Deck, 544 U.S. at 628; Lakin v. Stine, 431 F.3d 959, 964 (6th Cir. 2005) (listing factors, such as the defendant's record, temperament, and situation, the state of the courtroom, and the defendant's physical condition, for a trial court to consider in deciding whether to use restraints). The petitioner fails to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

### C.    Denial of Withdrawal Motion/Substitute Counsel Claim

The petitioner next asserts that he is entitled to habeas relief because the trial court denied defense counsel's motion to withdraw as retained counsel and failed to adequately inquire into the matter. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); Wagner, 581 F.3d at 413, as follows:

> According to the record, defendant was indigent and counsel was appointed to represent him. Defendant's first attorney was later replaced by another appointed attorney for reasons not clear from the record. Shortly before trial, defendant's family

> retained attorney Winters. The April 2016 trial date was
> adjourned, in part so that Winters could prepare and argue
> motions defendant wanted him to present. The trial court heard
> and ruled on those motions on the first day of trial. Winters then
> moved to withdraw and the trial court denied the motion.
>
> * * *
>
> Winters moved to withdraw because he apparently suspected
> that defendant was about to ask the court to discharge him.
> Because defendant never spoke up, it is not known if he
> wanted Winters discharged and, if so, whether he wanted an
> adjournment in order to retain new counsel or if he wanted the
> court to appoint new counsel because he was indigent. The
> only stated reason for the motion was that defendant and
> Winters had "some disagreements ... about the conduct of this
> case."

Sykes, 2017 WL 6028504 at *3, 4.  The respondent contends that this

claim lacks merit.

The Sixth Amendment to the United States Constitution provides for

the right to counsel.  U.S. Const. Amend. VI.  The right to counsel

encompasses the right to counsel of choice.  United States v.

Gonzalez-Lopez, 548 U.S. 140, 151 (2006).  The right to counsel of choice,

however, is not absolute.  For example, it does not apply to defendants

who qualify for appointed counsel.  Id. at 152-53.  Additionally, courts enjoy

"wide latitude in balancing the right to counsel of choice ... against the

demands of [their] calendar[s]."  Id. at 152 (citing Morris v. Slappy, 461

U.S. 1, 11-12 (1983)); see also Abby v. Howe, 742 F.3d 221, 227 (6th Cir.

-18-

2014) ("Even after Gonzalez–Lopez, the discretion that trial courts hold over their calendars remains vast.").

When evaluating a trial court's denial of a request for substitute counsel, a reviewing court should consider "the timeliness of the motion; the adequacy of the [trial] court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." Martel v. Clair, 565 U.S. 648, 663 (2012); see also Henness v. Bagley, 644 F.3d 308, 321 (6th Cir. 2011); Benitez v. United States, 521 F.3d 625, 632 (6th Cir. 2008) (citing Iles, 906 F.2d at 1131, n.8).  The Sixth Circuit balances such factors with the public's interest in the prompt and efficient administration of justice.  Iles, 906 F.2d at 1131, n. 8 (citing Wilson v. Mintzes, 761 F.2d 275, 280 (6 th Cir. 1985)); see also United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001).  The decision regarding whether to allow the substitution of counsel is committed to the sound discretion of the trial court and is entitled to deference absent an abuse of that discretion. Martel, 565 U.S. at 663-64; United States v. Trujillo, 376 F.3d 593, 606 (6th Cir. 2004).  A court "must beware that a demand for counsel may be

utilized as a way to delay proceedings or trifle with the court." <u>United States v. Krzyske</u>, 836 F.2d 1013, 1017 (6th Cir. 1988).

The Michigan Court of Appeals considered this claim on direct appeal and denied relief.  The court ruled that the trial court did not abuse its discretion in denying the withdrawal motion because it was made on the day of trial, and, although the trial court did not conduct an extensive inquiry, the record merely indicated that counsel and the petitioner disagreed about certain issues/motions, which were raised and addressed by the court before trial.  The court also found that counsel moved for withdrawal only because he thought that the petitioner was going to seek to discharge him, but neither counsel nor the petitioner provided information to show that they had a breakdown in the attorney-client relationship.  Lastly, the court noted that the trial had already been delayed due to three changes in representation.  <u>Sykes</u>, 2017 WL 6028504 at *3-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The petitioner fails to show that the withdrawal and/or substitution of counsel was warranted in this case.  The first factor, the timeliness of the request, weighs against the petitioner because counsel's motion to withdraw was

made on the day of trial. See Trujillo, 376 F.3d at 606 (request for substitute counsel made three days before trial was untimely); see also United States v. Watson, 620 F. App'x 493, 501 (6th Cir. 2015) (request for substitute counsel made 19 days before trial was untimely); United States v. Vasquez, 560 F.3d 461, 466 (6th Cir. 2009) (requests for substitute counsel made one week before trial and two weeks before rescheduled trial were untimely).

The second factor, the adequacy of the court's inquiry, largely weighs in the petitioner's favor because the trial court did not extensively discuss the reasons for the withdrawal motion with existing counsel, but against the petitioner in that he did not request substitute counsel (or self-representation) or express particular dissatisfaction with existing counsel at the time of the withdrawal motion.

The third factor, whether a conflict between trial counsel and the petitioner was so great that it resulted in a total lack of communication preventing an adequate defense, weighs against the petitioner because he fails to show that there was any such conflict. Rather, the record indicates that counsel discussed matters raised by the petitioner and they were able to communicate and work together well enough to present an adequate

defense at trial. The petitioner's complaints against counsel involve a difference of opinion about strategy rather than an irreconcilable conflict or total lack of communication. See Adams v. Smith, 280 F. Supp. 2d 704, 720 (E.D. Mich. 2003). The record also shows that counsel raised issues/motions reflecting the petitioner's concerns, which were resolved by the trial court before trial. The disagreements between the petitioner and counsel simply did not rise to the level of a conflict sufficient to justify the withdrawal or substitution of counsel. See United States v. Sullivan, 431 F.3d 976, 981 (6th Cir. 2005).

Lastly, the public interest in the prompt and efficient administration of justice would have been hampered with yet another substitution of counsel as such action would have further delayed the trial and resulted in additional costs to the parties and the court. The petitioner fails to establish that the withdrawal or substitution of counsel was warranted. More importantly, for purposes of federal habeas review, he fails to show that the Michigan Court of Appeals' ruling on this issue is unreasonable. Habeas relief is not warranted on this claim.

### D. Constructive Denial of Counsel Claim

As part of the foregoing claim, the petitioner also asserts that he is

entitled to habeas relief because he was constructively denied counsel by the trial court's denial of the withdrawal motion.  The respondent contends that this claim is waived based upon the petitioner's failure to raise it in his petition, that it is procedurally defaulted, and that it lacks merit.  In his reply, the petitioner clarifies that he seeks to assert this claim on habeas review.

The Sixth Amendment to the United States Constitution provides for the right to counsel in criminal prosecutions.  U.S. CONST. AMEND. VI. Consequently, a criminal defendant has a right to counsel during the critical stages of his or her criminal proceedings.  See, e.g., Bell v. Cone, 535 U.S. 685, 695-96 (2002); Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000); United States v. Cronic, 466 U.S. 648, 659 (1984); United States v. Wade, 388 U.S. 218, 227 (1967); Van v. Jones, 475 F.3d 292, 311-12 (6th Cir. 2007).

The complete denial or absence of counsel at a critical stage of the proceedings is a per se Sixth Amendment violation which mandates a presumption of prejudice and is generally not subject to harmless error review.  See Holloway v. Arkansas,  435 U.S. 475, 489 (1978) (ruling that reversal is automatic when a defendant is denied counsel during a critical

stage or throughout the prosecution of a capital offense); see also Cronic,

466 U.S. at 659-60; Van, 475 F.3d at 312.  A partial denial of counsel or

the absence of counsel at a non-critical stage of the proceedings, however,

is not such a structural error.  Rather, such a trial-type error requires an

inquiry into the prejudicial effect and/or harmlessness of the error.

Satterwhite v. Texas, 486 U.S. 249, 256-58 (1988); Rushen v. Spain, 464

U.S. 114, 117-18 (1983); Coleman v. Alabama, 399 U.S. 1, 11 (1970);

Wade, 388 U.S. at 239-40; Hereford v. Warren, 536 F.3d 523, 532-33 (6th

Cir. 2008).

       The Michigan Court of Appeals reviewed this claim for plain error on

direct appeal and denied relief.  The court found that the petitioner was

represented by counsel during the critical stages of his criminal

proceedings and throughout his trial and that counsel subjected the

prosecution's case to meaningful adversarial testing.  Sykes, 2017 WL

6028504 at *3, 5.

       The state court's decision is neither contrary to Supreme Court

precedent nor an unreasonable application of federal law or the facts.

First, the petitioner was not deprived of counsel during a critical stage of

his criminal proceedings.  Rather, the record shows that he was

-24-

represented by counsel during the pre-trial period and throughout the trial and sentencing.

Second, the fact that the petitioner was dissatisfied with trial counsel's performance does not mean that he was constructively without counsel during his criminal proceedings.  As the Supreme Court has explained, "in evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.'"  Wheat v. United States, 486 U.S. 153, 159 (1988) (quoting Cronic, 466 U.S. at 657 n. 21); see also Bell v. Cone, 535 U.S. 685, 695-96 (2002) (confirming that Cronic's presumption of prejudice only applies when counsel is totally absent during a critical stage of the proceedings); Morris v. Slappy, 461 U.S. 1, 13 (1983) (a defendant has no legal right to a meaningful attorney-client relationship – only the right to an effective advocate).  While the petitioner may have been dissatisfied with counsel's conduct in certain respects, he fails to show that there was a complete denial of counsel at any stage of the proceedings.  Cronic does not apply.

Lastly, the petitioner fails to show that he was prejudiced by the trial court's refusal to allow existing counsel to withdraw.  The petitioner does

-25-

not indicate what more substitute counsel could have done in his defense
(other than the allegations discussed infra) which would have affected the
outcome at trial. Conclusory allegations are insufficient to warrant habeas
relief. See Cross v. Stovall, 238 F. App'x 32, 39-40 (6th Cir. 2007);
Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations
of ineffective assistance of counsel do not justify habeas relief); see also
Washington v. Renico, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions
and conclusory allegations do not provide a basis for an evidentiary
hearing on habeas review). The petitioner fails to establish that the trial
court's action deprived him of his right to the effective assistance of
counsel at trial. Habeas relief is not warranted on this claim.

### E.    Illegal Arrest & Ineffective Assistance of Counsel Claims

The petitioner next asserts that he is entitled to habeas relief
because his arrest was illegal such that certain evidence was tainted and
should have been suppressed and that trial counsel was ineffective for
failing to object at trial. The respondent contends that the illegal arrest
claim is not cognizable and that the ineffective assistance of counsel claim
lacks merit.

The Michigan Court of Appeals considered these claims on direct

-26-

appeal, found no constitutional violation, and denied relief.  Sykes, 2017

WL 6028504 at *5 (referencing the court's prior denial of relief on the illegal

arrest and ineffective assistance of counsel claims in the petitioner's

companion case, People v. Sykes, No. 330575, 2017 WL 2791025, *5-7

(Mich. Ct. App. June 27, 2017)).

The state court's denial of relief is neither contrary to Supreme Court

precedent nor an unreasonable application of federal law or the facts.[2]

First, as to the illegal arrest issue, it is well-settled that federal courts will

not address a Fourth Amendment claim on habeas review if the petitioner

had a full and fair opportunity to litigate the claim in state court and the

presentation of the claim was not thwarted by a failure of the state's

corrective process.  See Stone v. Powell, 428 U.S. 465, 494-95 (1976).  A

court must perform two distinct inquiries when determining whether a

petitioner may raise an illegal arrest claim in a habeas action.  First, the

"court must determine whether the state procedural mechanism, in the

abstract, presents the opportunity to raise a Fourth Amendment claim.

---

[2]The petitioner contends that the Michigan Court of Appeals did not reach the merits of the ineffective assistance of counsel issue such that review for that claim should be de novo.  The court, however, disagrees given the Michigan Court of Appeals' reference to its prior ruling in the companion case which denied relief on the ineffective assistance of counsel claim.  Nonetheless, the court notes that it would reach the same result under a de novo standard of review.

Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."  Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (quoting Riley v. Gray, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents "an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." Robinson v. Jackson, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005).  This procedural mechanism is a motion to suppress, ordinarily filed before trial. See People v. Ferguson, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress); see also People v. Harris, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal).  Consequently, the petitioner is entitled to relief on this claim only if he shows that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

The petitioner makes no such showing.  Rather, the record indicates that he had the opportunity to raise an illegal arrest claim before the trial court and that he raised the claim on direct appeal and was denied relief

on the merits.  Consequently, his Fourth Amendment claim is not

cognizable on federal habeas review pursuant to <u>Stone v. Powell</u>.

Second, as to the effectiveness of trial counsel, the Sixth

Amendment to the United States Constitution guarantees a criminal

defendant the right to the effective assistance of counsel.  In <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668 (1984), the Supreme Court set forth a

two-prong test for determining whether a habeas petitioner has received

ineffective assistance of counsel.  First, a petitioner must prove that

counsel's performance was deficient.  This requires a showing that counsel

made errors so serious that he or she was not functioning as counsel as

guaranteed by the Sixth Amendment.  <u>Strickland</u>, 466 U.S. at 687.

Second, a petitioner must establish that counsel's deficient performance

prejudiced the defense.  Counsel's errors must have been so serious that

they deprived the petitioner of a fair trial or appeal.  <u>Id</u>.

To satisfy the performance prong, a petitioner must identify acts that

were "outside the wide range of professionally competent assistance."  <u>Id</u>.

at 690.  The reviewing court's scrutiny of counsel's performance is highly

deferential.  <u>Id</u>. at 689.  There is a strong presumption that trial counsel

rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment.  Id. at 690.  The petitioner

bears the burden of overcoming the presumption that the challenged

actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different."  Id. at 694.  A

reasonable probability is one that is sufficient to undermine confidence in

the outcome of the proceeding.  Id.  "On balance, the benchmark for

judging any claim of ineffectiveness must be whether counsel's conduct so

undermined the proper functioning of the adversarial process that the

[proceeding] cannot be relied on as having produced a just result."

Strickland, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's

consideration of ineffective assistance of counsel claims arising from state

criminal proceedings is quite limited on habeas review due to the

deference accorded trial attorneys and state appellate courts reviewing

their performances.  "The standards created by Strickland and § 2254(d)

are both 'highly deferential,' and when the two apply in tandem, review is

'doubly' so."  Harrington, 562 U.S. at 105 (citations omitted).  "When §

2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard." <u>Id</u>.

In this case, the petitioner fails to establish that trial counsel erred and/or that he was prejudiced by counsel's conduct. Given the Michigan Court of Appeals' decision that the petitioner's arrest did not violate the Fourth Amendment, the petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct. Trial counsel cannot be deemed ineffective for failing to make a futile or meritless objection or argument. <u>Tackett v. Trierweiler</u>, 956 F.3d 358, 375 (6th Cir. 2020); <u>Hoffner v. Bradshaw</u>, 622 F.3d 487, 499 (6th Cir. 2010); <u>see also</u> <u>Coley v. Bagley</u>, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). The petitioner fails to show that trial counsel was ineffective. Habeas relief is not warranted on these claims.

**E.    Motion to Quash Claim**

The petitioner next asserts that he is entitled to habeas relief because the trial court erred in denying his motion to quash, which alleged that the search warrant was not issued by a neutral magistrate based upon

probable cause and that it was based on false information.  The

respondent contends that this claim is not cognizable.

The Michigan Court of Appeals considered this claim on direct

appeal, found that the search warrant was issued by a neutral magistrate,

determined that the petitioner's allegation of false information was largely

conclusory and insignificant, and denied relief.  Sykes, 2017 WL 6028504

at *6 (referencing, in part, the court's prior denial of relief on a similar claim

in the petitioner's companion case, People v. Sykes, No. 330575, 2017 WL

2791025, *6-7 (Mich. Ct. App. June 27, 2017)).

The state court's denial of relief is neither contrary to Supreme Court

precedent nor an unreasonable application of federal law or the facts.  As

discussed with respect to the petitioner's illegal arrest claim, and for the

same reasons set forth supra, this Fourth Amendment claim is barred by

Stone v. Powell.  Habeas relief is not warranted on this claim.

### F.   Perjury & Ineffective Assistance of Counsel Claims

Lastly, the petitioner asserts that he is entitled to habeas relief

because the prosecutor presented inconsistent theories and perjured

testimony and trial counsel was ineffective for failing to object to such

prosecutorial misconduct at trial.  The respondent contends that these

-32-

claims lack merit.

The Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." Berger v. United States, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citing Donnelly); Parker v. Matthews, 567 U.S. 37, 45 (2012) (confirming that Donnelly/Darden is the proper standard).

Additionally, the Supreme Court has made clear that the "deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice."  Giglio v. United States, 405 U.S. 150, 153 (1972).  It is thus well-settled that "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  United States v. Agurs, 427 U.S. 97, 103 (1976) (footnote omitted); see also Napue v. Illinois, 360 U.S. 264, 271 (1959); Coe v. Bell, 161 F.3d

320, 343 (6th Cir. 1998). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew that the statements were false. Coe, 161 F.3d at 343. A habeas petitioner bears the burden of proving that the disputed testimony constituted perjury. Napue, 360 U.S. at 270.

The Michigan Court of Appeals considered the prosecutorial misconduct/perjured testimony claim on direct appeal and denied relief. The court found that the petitioner failed to support his perjury claim and merely disagreed with the testimony presented by the prosecution witnesses. The court further noted that the jury heard the testimony and found it to be credible, and that it would not substitute its judgment for that of the jury. Sykes, 2017 WL 6028504 at *6.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The petitioner fails to show that the prosecutor knowingly presented false testimony. To the extent that he merely disagrees with certain testimony by prosecution witnesses or asserts that the prosecutor presented

inconsistent theories, his allegations of perjury and misconduct are conclusory.  As noted, conclusory allegations are insufficient to warrant federal habeas relief.  See Cross, 238 F. App'x at 39-40; Workman, 178 F.3d at 771; see also Washington, 455 F.3d at 733.

Additionally, to the extent that the petitioner cites to inconsistencies or variations in the witnesses' testimony, he fails to show that the testimony was perjured or that the prosecutor knowingly presented false testimony. The fact that a witness contradicts himself or changes his story does not establish perjury.  See Macon v. Davis, 450 F. App'x 491, 493 (6th Cir. 2011) ("[M]ere inconsistent statements by the same witness are insufficient to establish indisputable falsity."); Malcum v. Burt, 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003).  And mere inconsistencies in witnesses' testimony do not establish the knowing use of false testimony by a prosecutor.  Coe, 161 F. 3d at 343.  "While a prosecutor may not knowingly use perjured testimony, a prosecutor is not required to ensure that prosecution witnesses' testimony be free from all confusion, inconsistency, and uncertainty."  Jackson v. Lafler, No. 06-CV-15676, 2009 WL 1313316, *12 (E.D. Mich. May 11, 2009).  The petitioner fails to establish that the prosecutor knowingly presented false testimony or otherwise engaged in

misconduct which rendered his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

The petitioner relatedly asserts that trial counsel was ineffective for failing to object to the alleged prosecutorial misconduct/perjured testimony at trial.  The Michigan Court of Appeals did not specifically address this issue so the court shall consider it under a de novo standard of review.  See Williams v. Anderson, 460 F.3d 789, 796 (6th Cir. 2006) (citing Maples v. Stegall, 340 F.3d 433, 436 (6th Cir. 2003)) (holding that the "[AEDPA] by its own term is applicable only to habeas claims that were 'adjudicated on the merits in State court.'") (quoting 28 U.S.C. § 2254(d)).[3]

As discussed, in order to prevail on an ineffective assistance of trial counsel claim, a habeas petitioner must prove that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  Given the Michigan Court of Appeal's ruling and this court's decision that the petitioner failed to show that the prosecutor engaged in misconduct or knowingly elicited false testimony, the petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct.  Trial counsel cannot be deemed

---

[3]Of course, the court would reach the same result under a deferential standard of review.

ineffective for failing to make a futile or meritless objection or argument. Tackett, 956 F.3d at 375; Hoffner, 622 F.3d at 499; see also Coley, 706 F.3d at 752. The petitioner fails to show that trial counsel was ineffective. Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the court concludes that the petitioner is not entitled to federal habeas relief on his claims. Accordingly, the court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before the petitioner may appeal the court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  The

petitioner makes no such showing.  Accordingly, the court **DENIES** a

certificate of appealability.

Lastly, the court concludes that an appeal from this decision cannot

be taken in good faith.  <u>See</u> Fed. R. App. P. 24(a).  Accordingly, the court

**DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 17, 2022, by electronic and/or ordinary mail and also
on Michael D. Sykes #968572, Marquette Branch Prison,
1960 U.S. Hwy 41 South, Marquette, MI 49855.

s/Brianna Sauve
Deputy Clerk